BROWNE GEORGE ROSS LLP
Guy C. Nicholson (State Bar No. 106133)
  gnicholson@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile:  (310) 275-5697

SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP
Jay Bowen *(Admitted Pro Hac Vice)*
  JBowen@shackelfordlaw.net
Will Parsons *(Admitted Pro Hac Vice)*
  WParsons@shackelfordlaw.net
47 Music Square East
Nashville, TN  37203
Telephone: (615) 329-4440
Facsimile:  (615) 329-4485

Attorneys for Plaintiff Unidisc Music Inc.

NOT JS-6

FILED
CLERK, U.S. DISTRICT COURT

January 30, 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ____VPC____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNIDISC MUSIC INC., a Canadian corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>WILLIAM SHELBY, an individual; KEVIN SPENCER, an individual; LEON SYLVERS, an individual; NIEDRA BEARD a/k/a NIDRA SYLVERS, an individual; and LINDA CARRIERE a/k/a LINDA VAN HORSSEN, an individual; and all professionally known as DYNASTY, a musical group; THREE FOR LOVE, INC., a California corporation; JODY WATLEY, an individual, JEFFREY DANIELS, an individual; HOWARD HEWETT, an individual; and all professionally known as SHALAMAR; OCEANFRONT, INC., a California corporation; FRED ALEXANDER, JR., an individual; NORMAN BEAVERS, an individual; MARVIN CRAIG, an individual; FRED LEWIS, an individual; TIEMEYER McCAIN, an individual; STEPHEN SHOCKLEY, an individual; THOMAS SHELBY, an | Case No. 2:17-cv-04287<br>*Assigned to Hon. S. James Otero*<br>*Magistrate Judge John E. McDermott*<br><br>**[PROPOSED]** **FINAL ORDER AND JUDGMENT**<br><br>Hon. S. James Otero |

| | |
|---|---|
| 1 | individual; OTIS STOKES, an individual; MARK WOOD, an individual; and all professionally known as LAKESIDE, a musical group; BOBBY LOVELACE, an individual; WILLIAM SIMMONS, an individual; BOAZ WATSON, an individual; MELVIN GENTRY, an individual; BELINDA LIPSCOMB, an individual; KENNETH GANT, an individual; JEFFREY COOPER, an individual; VINCENT CALLOWAY, an individual; REGINALD CALLOWAY, an individual; and all professionally known as MIDNIGHT STAR, a musical group; MIDNIGHT STAR PRODUCTIONS, INC., an Ohio corporation; LASTRADA ENTERTAINMENT COMPANY, LTD., a New York corporation; LAURENCE S. MOELIS, an individual; and STEPHEN MOELIS, an individual, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | Defendants. |

This matter came to be heard on the Motion for Entry of Default Judgment filed by Plaintiff Unidisc Music Inc. ("Unidisc") on September 13, 2019, against Defendants William Shelby, Kevin Spencer, Leon Sylvers, Niedra Beard a/k/a Nidra Sylvers, Linda Carriere a/k/a Linda Van Horssen, Three For Love, Inc., Jeffrey Daniels, Howard Hewett, Oceanfront, Inc., Fred Alexander, Jr., Norman Beavers, Marvin Craig, Fred Lewis, Stephen Shockley, Thomas Shelby, and Otis Stokes (collectively, the "Defaulting Defendants"). The Defaulting Defendants did not oppose the Motion.

The Court, having considered Unidisc's Motion and all papers filed in support thereof ORDERS as follows:

1. The Motion is GRANTED.

2. Unidisc has satisfied the procedural and substantive requirements for entry of default judgment against the Defaulting Defendants.

3. As set forth in its Motion, Unidisc sought only a default judgment as to Count II of its Complaint, entitled "Declaratory Judgment – Termination Notices Ineffective."

4. As to Count II, the Court finds that Unidisc is entitled to entry of default judgment against the Defaulting Defendants. As requested in that Count, therefore, the Court hereby declares that the copyright termination notices identified in Unidisc's Complaint and served upon Unidisc (allegedly on behalf of the Defaulting Defendants) are ineffective and invalid for failure to comply with the statutory requirements of 17 U.S.C. § 203, principally the requirement that termination notices be recorded with the U.S. Copyright Office prior to their putative effective date.

4. Count I of Unidisc's Complaint, entitled "Declaratory Judgment of Copyright Ownership – Works Made For Hire," sought a declaration that the copyrights at issue were "works made for hire" and, thus, not terminable under 17 U.S.C. § 203.

5. As to Count I, the Court finds that this Count is moot because the copyright termination notices at issue were ineffective.

6. This Final Order and Judgment fully and finally resolves all of Unidisc's claims against the Defaulting Defendants in this case.

**IT IS SO ORDERED.**

Dated: January 30, 2020

_S. James Otero_
Hon. S. James Otero